**IT IS ORDERED as set forth below:**



**Date: March 4, 2022**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CASE NUMBERS |
| | : | |
| TAMIKA CHAQUEETA GARCIA, | : | BANKRUPTCY CASE |
| Debtor. | : | 21-53966-LRC |
| _____ | : | |
| | : | |
| | : | |
| MARK W. DOBRONSKI, | : | ADVERSARY PROCEEDING |
| Plaintiff, | : | NO. 21-05087-LRC |
| | : | |
| v. | : | |
| | : | |
| TAMIKA CHAQUEETA GARCIA, | : | IN PROCEEDINGS UNDER |
| Defendant. | : | CHAPTER 7 OF THE |
| | : | BANKRUPTCY CODE |
| | : | |

## **ORDER**

Before the Court is Debtor's *Response and Defenses to Complaint, Motion Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, Motion to Dismiss for Lack of Personal Jurisdiction, and Motion to Dismiss for Lack of Standing* (Doc. 11) (the

"Motion") and Plaintiff's *Response in Opposition* thereto (Doc. 13) (the "Response"). The Motion and Response arise in connection with a complaint (Doc. 1) (the "Complaint") in which Plaintiff asks the Court to find an alleged debt nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and (a)(6) or, in the alternative, to dismiss Debtor's underlying bankruptcy case. The Court is aware that Debtor contends in her Motion and several other filings[1] that the Court lacks personal jurisdiction, as a result of what Debtor claims to be insufficient service of process, but the Court will take up that issue if Plaintiff files an amended complaint that states a claim on which relief may be granted.

I.  Background

Debtor filed a previous bankruptcy petition on February 5, 2021, (Case No. 21-51038) (the "Previous Case"), which was dismissed on April 19, 2021, for Debtor's failure to appear at her § 341 meeting. Shortly thereafter, Debtor filed the instant Chapter 7 petition on May 24, 2021 (Case No. 21-53966) (the "Instant Case"). An order was entered granting Debtor's discharge on August 30, 2021. (Instant Case at Doc. 16).

In his Complaint, Plaintiff, acting *pro se*, claims to be a judgment creditor of Debtor, stating that he obtained a judgment against Debtor on March 24, 2021 (the "Judgment") in the 18th Judicial District Court in Michigan (the "State Court Action"). (Complaint at ¶ 6). The State Court Action, Plaintiff says, centered on Debtor's and her business's "tortious and illegal conduct in violation of the Telephone Consumer Protection Act, 47 U.S.C. §

---

[1] These filings include Debtor's Notice of Defendant's Response to Motion for Entry of Default (Doc. 4), Notice of Response to Plaintiff's Reply (Doc. 6), and Affidavit Regarding Service (Doc. 7). Plaintiff responded to these filings respectively in his Reply to Defendant's Response to Motion for Entry of Default (Doc. 5) and Notice of Objections to Defendant's Response to Plaintiff's Reply and Defendant's Affidavits (Doc. 10).

227, et seq. (the "TCPA"), and the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692), et seq." (*Id*. at ¶ 8). Plaintiff does not attach a copy of the Judgment itself to the Complaint, but Plaintiff contends that the court in the State Court Action found that Debtor "willfully and knowingly violated the TCPA, resulting in tortious injury to the Plaintiff, and that [Debtor] made false representations as part of the scheme, in violation of the FDCPA." (*Id*. at ¶ 9). Therefore, Plaintiff seeks an order from this Court finding the Judgment nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and (a)(6). (*Id*. at ¶ 14). In the alternative, Plaintiff seeks to have the Instant Case dismissed because Debtor was "not eligible to be debtor under Title 7 [sic] when this case was commenced and is not presently eligible to be a debtor" due to her "willful failure… to appear before the court in proper prosecution of the case." (*Id*. at ¶ 18).[2]

Among other requests and arguments, Debtor asks the Court to dismiss the Complaint for Plaintiff's failure to state a claim upon which relief can be granted. (Motion at 5). She contends that Plaintiff fails to state the facts with particularity as to his § 523(a)(2) claim and fails to list his injury for purposes of a § 523(a)(6) analysis. (*Id*. at 5-7). Debtor further claims that any alleged calls made by Debtor's business were made to Plaintiff's business, not Plaintiff. (*Id*. at 8). Therefore, Debtor argues that Plaintiff lacks standing to bring these claims, stating that "Plaintiff fails to establish a link between the actions of two business [sic] and the injury he, the individual Mark Dobronski, allegedly

---

[2] The Motion is granted to the extent that Plaintiff requests dismissal of the Instant Case due to Debtor's ineligibility. The request is procedurally improper, having been filed by complaint rather than by motion in the Instant Case; having not been set for hearing as required by § 707(a); and no notice having been provided to the Chapter 7 trustee and creditors, as required by Federal Rule of Bankruptcy Procedure 2002(a)(4).

suffered." (*Id*. at 9). The Court agrees with Debtor that the Complaint fails to allege sufficient facts to support Plaintiff's claim of nondischarageability. Nonetheless, as Plaintiff is proceeding *pro se*, the Court will allow Plaintiff one opportunity to amend the Complaint.

II.   Discussion

When considering whether to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted, the Court must accept as true all factual allegations set forth in the complaint and, on the basis of those facts, determine whether the plaintiff is entitled to the relief requested. Further, the Court must draw all reasonable inferences in the light most favorable to the non-moving party. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007); *Daewoo Motor America Inc. v. General Motors Corp.*, 459 F.3d 1249, 1271 (11th Cir. 2007); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003); *Grossman v. Nationsbank, Nat'l Ass's*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273, n.1 (11th Cir. 1999). Additionally, "[f]or purposes of ruling on a motion to dismiss for want of standing, [the Court] must accept as true all material allegations of the complaint, and construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975).[3]

---

[3] Though not noted in his Complaint, Plaintiff appears to concede that the calls in question were made to his business. Response at 3. With too few facts, the Court cannot rule on the Motion's request for dismissal for a lack of standing at this time. However, the Court is concerned that Plaintiff's citations to *Leyse v. Bank of America National Association*, 804 F.3d 316 (3rd Cir. 2015) and *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259 (11th Cir. 2019) may be misplaced if the calls in question were not made to a residential phone line.

*Pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Therefore, courts should "liberally construe[]" such pleadings. *Tannebaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, *pro se* litigants are still required "to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Thus, courts "cannot fill in the blanks to infer a claim… as it is not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies [Federal Rule of Civil Procedure] Rule 8." *McDowell v. Gonzalez*, 424 F. Supp. 3d 1214, 1221 (S. D. Fl. 2019) (citations and quotation marks omitted).

In his Complaint, Plaintiff claims that, in an attempt to collect a "phantom or phoney debt from unsuspecting customers," Debtor "utilized a telephone 'robocalling' platform to initiate telephone calls… [to] Plaintiff's telephone, utilizing a pre-recorded voice message intimating" threats of criminal prosecution. (Complaint at ¶ 10). Besides this, the rest of the Complaint relies heavily – if not solely – on mere legal conclusions presumably based on the existence of the Judgment itself. However, Plaintiff obtained the Judgment in violation of the automatic stay, and therefore, the Judgment is void. Section 362(a)(1) provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities of… the commencement or continuation… of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case." 11 U.S.C. § 362(a)(1). Obtaining a default judgment against Debtor while she is in an active bankruptcy case is just such act. As to termination of the

stay, § 362(c)(2) makes clear that the automatic stay remains in effect "until the earliest of (A) the time the case is closed, (B) the time the case is dismissed, or (C) … the time a discharge is granted or denied."  The Eleventh Circuit Court of Appeals has also made clear that "[a]ctions taken in violation of the automatic stay are void and without effect." *United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006) (citation and quotation marks omitted).

According to Plaintiff, he obtained the Judgment on March 24, 2021, after Debtor filed the Previous Case but before the case was dismissed.  To the extent Plaintiff contends his alleged lack of knowledge of the bankruptcy filing should be considered in voiding this Judgment, the Court finds this irrelevant.  Plaintiff's knowledge of the bankruptcy filing has no bearing on whether the entry of the Judgment violated the automatic stay.  *In re Gordon Props., LLC*, 460 B.R. 681, 690 (Bankr. E. D. Va. 2011) (finding that a creditor's knowledge of a pending case is irrelevant since "[i]t is the action that is the violation of the automatic stay, not the creditor's knowledge that the act violates the automatic stay").  Because the Judgment is void, the Court cannot consider it in its analysis of the Motion.  That said, because the Complaint relies heavily on the Judgment itself, the Court finds the Complaint contains insufficient facts to determine whether Plaintiff can support his claims as to nondischargeability pursuant to §§ 523(a)(2) and (6).  Plaintiff appears to try to assert more facts in his Response, but such an attempt to add facts is not proper pleading, and the Court will not search through the filings to determine whether Plaintiff has a viable cause of action.  Because Plaintiff is *pro se*, however, the Court will grant him an opportunity to

amend and re-serve a complaint that contains sufficient factual allegations. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (holding that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the … court dismisses the action with prejudice").

Accordingly, for the reasons stated herein,

IT IS HEREBY ORDERED that the Motion is GRANTED in part;

IT IS FURTHER ORDERED that, to the extent the Complaint seeks dismissal of Debtor's bankruptcy case, such request is DENIED;

IT IS FURTHER ORDERED that Plaintiff shall have twenty-one (21) days to amend the Complaint in accordance with this order. Upon amendment, the Motion shall be denied without prejudice. If Plaintiff does not file an amended complaint, the Motion will be granted, and the remainder of the Complaint will be dismissed.

### END OF DOCUMENT

**Distribution List**

**Mark W. Dobronski**
Post Office Box 85547
Westland, MI 48185-0547

**Tamika C Garcia**
2729 Kristen Court
Conyers, GA 30012

**Alaina Joseph**
Joseph & Baker LLC
2463 Crestview Ave.
Decatur, GA 30032